UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BOSTON SCIENTIFIC CORP. PELVIC
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION                                                                          MDL No. 2326

(SEE ATTACHED SCHEDULE)

CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Southern District of West Virginia.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Southern District of West Virginia with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Sep 01, 2020

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

IN RE: BOSTON SCIENTIFIC CORP. PELVIC
REPAIR SYSTEM PRODUCTS LIABILITY
LITIGATION                                                                           MDL No. 2326

## SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| WVS | 2 | 14−17998 | ARW | 5 | 14−05090 | Cline et al v. Boston Scientific Corporation |
| WVS | 2 | 12−01006 | CAE | 2 | 12−00701 | Rosas v. Boston Scientific Corporation |
| WVS | 2 | 15−02094 | LAE | 2 | 15−00431 | Richard v. Boston Scientific Corporation |
| WVS | 2 | 12−05179 | MSS | 4 | 12−00136 | Henry v. Boston Scientific et al |
| WVS | 2 | 18−00297 | TNW | 1 | 18−02054 | Rogers v. Boston Scientific Corporation et al |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   BOSTON SCIENTIFIC CORP.,
         PELVIC REPAIR SYSTEM
         PRODUCTS LIABILITY LITIGATION              MDL No. 2326

THIS DOCUMENT RELATES TO CASES
IDENTIFIED ON EXHIBIT A

ORDER AND SUGGESTION OF REMAND

Pursuant to 28 U.S.C. § 1407 and the Rules for Multidistrict Litigation promulgated thereunder, specifically Rule 10.1(b), the court suggests that the cases on Exhibit A be remanded to the United States District Courts from which they came, as identified on Exhibit A. The cases were transferred by the Judicial Panel on Multidistrict Litigation ("JPML") and are related to MDL 2326 ("BSC MDL"), 2:12-md-2326, one of seven MDLs assigned to me by the JPML. The seven MDLs combined totaled over 100,000 cases since inception.

Of the approximately 26,085 cases originally filed in or transferred to the BSC MDL, 158 remain. Of the remaining 158 cases, 5 are listed on Exhibit A and are ready to be remanded to the jurisdictions from which they came. In particular, the time to conduct discovery is complete in the cases on Exhibit A, and the parties have had time to file dispositive and *Daubert* motions, responses and replies. For the convenience of the parties and in order to promote the final resolution of these cases, it appears to the court that the cases would be more expeditiously concluded in the venues from which they arise. ***Upon remand, I urge the receiving court to immediately set these cases for trial without reopening discovery. Further discovery will only***

*result in unjust delay. Extensive development of these cases over a period of years has made such further action completely unnecessary.*

On or before **August 28, 2020 (7 days from the date of this order)**, the parties are **ORDERED** to confer and to file *in their individual case*, all documents from the main MDL that the parties jointly deem relevant to constitute an appropriate record for the receiving court to consider. When filing the documents from the main MDL, the parties are directed to use the CM/ECF event entitled "Designation of Record for MDL Transfers" (available under Civil > Other Filings > Other Documents). When completing the event, the "Main Document" should be the list of joint designations from the main MDL, and the "Attachments" should be each individual document on the joint designation list with the "Description" being the ECF number and a brief description of the document (i.e. ECF 96 – Defendant's Motion for Summary Judgment).

The court **ORDERS** that upon receipt and filing of an order to remand from the Clerk of the JPML (hereinafter the "Transfer Date"), the Clerk of this court, pursuant to 28 U.S.C. § 1407, shall remand the cases to the jurisdictions identified on Exhibit A. If the cases remain pending on the Transfer Date, they must be remanded, and the parties shall bear the consequences in the receiving court of any failure to prepare an appropriate record as directed in this order. The parties and the receiving court are advised that all Pretrial Orders entered in this matter are available for review on the court's website at www.wvsd.uscourts.gov/MDL/boston/orders.html, and the master docket sheet can be found on this court's CM/ECF at 2:12-md-2326. *Finally, the court advises the parties that while the docket of these individual cases will be remanded to the receiving court, it is the parties' responsibility to follow the receiving court's procedure for identifying any individual motions that remain pending and in need of ruling.*

2

On the Transfer Date, the Clerk is hereby **DIRECTED** to use the appropriate function in CM/ECF to extract the cases on Exhibit A and remand them to the jurisdictions identified on Exhibit A. After remand of the cases, the Clerk is **DIRECTED** to formally dismiss the cases and strike them from the docket of this court.

The court further **DIRECTS** that a copy of this Order and Suggestion of Remand and Exhibit A be filed in the cases on Exhibit A and sent to the Clerk of the MDL Panel and counsel of record or any unrepresented party.

ENTER: August 21, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

EXHIBIT A
Remands

|   | Civil Action | Case Style | Venue |
|---|---|---|---|
| 1 | 2:12-cv-01006 | Rosas v. Boston Scientific Corporation | Eastern District of California |
| 2 | 2:12-cv-05179 | Henry v. Boston Scientific et al | Southern District of Mississippi |
| 3 | 2:14-cv-17998 | Cline et al v. Boston Scientific Corporation | Western District of Arkansas |
| 4 | 2:15-cv-02094 | Richard v. Boston Scientific Corporation | Eastern District of Louisiana |
| 5 | 2:18-cv-00297 | Rogers v. Boston Scientific Corporation et al | Western District of Tennessee |